## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Crim. No. 14-387 (PAD)** |
| **Plaintiff** | |
| **Vs.** | |
| **LUIS DELGADO MIRANDA** | |
| **Defendant** | |

## MOTION TO SUPPRESS AND REQUEST FOR A FRANKS HEARING

**TO THE HON. COURT**

**HEREIN** appears defendant **Luis Delgado Miranda** through his undersigned counsel and most respectfully prays and requests:

1- Defendant hereby moves the court to declare the detention of defendant illegal because it was carried out without probable cause and to suppress as fruit of the poisonous tree all contraband attributed to him.

The following exhibits are submitted in support of the Motion to Suppress:

a- Exh. 1- Statement under penalty of perjury of defendant Luis A. Delgado-Miranda

b- Exh. 2- Statement under penalty of perjury of Rafael Bernazar Rivera

c- Exh. 3 Criminal complaint filed in the present case

d- Exh. 4a-g- Photographs

## STATEMENT OF FACTS

As appears from the statements under penalty of perjury of Delgado-Miranda (Exh. 1) and Bernazar –Rivera (Exh. 2) on May 29,2014, Delgado-Miranda was since 3:00 p.m. at the stables (Exh. 4f) located adjacent to Almacen D Party (Exh. 4b) establishment where he was bathing and placing viruta for the horse he has there. Delgado-Miranda arrived at the stables in his green Ford Fusion license plate HSD-155. (Exh. 1,2,4a-c) That day Delgado-Miranda was planning to go with Bernazar-Rivera to San Lorenzo to see a horse Delgado-Miranda was interested in buying after they finished at the stables. For that reason Delgado-Miranda had $3,382.00 on his person.

Around 4:45 p.m. after having been at the stables nearly 2 hours Delgado-Miranda heard some vehicles arrive at the parking area. He went out to see what was happening and at that time numerous federal agents arrived who proceeded to detain all of the persons present in the parking lot. (Exh. 4g)

Delgado-Miranda upon being questioned by the agents identified the green Ford Fusion license plate HSD-155 as his and gave the agents the keys to his vehicle (Exh. 4d) which they proceeded to search. Nothing illegal was found in his vehicle which was left at the parking lot after the agents finished their intervention. (Exh. 2)

Delgado-Miranda has been falsely attributed having arrived that day at the parking lot in another Ford Fusion vehicle license plate HND-689 that was found in the parking lot (Exh. 4e) which is not his nor was it used by him.

As appears from the Criminal Complaint affidavit filed in the present case (Exh. 3) the agents were following other persons who entered the parking lot in their respective vehicles. When the agents arrived they allegedly saw co-defendant Julio Colon-Maldonado throw a firearm over a concrete wall. **There is not a single fact mentioned in the affidavit justifying the detention of Delgado-Miranda who was not part of the group of persons that arrived in the vehicles being followed by the agents. At the time of intervention all the agents observed was his being physically present at the parking lot. That did not justify his arrest. The seizure of defendant in the parking lot was carried out without probable cause and all items attributed to him and discovered after the illegal seizure of his person should be suppressed.**

The agents in order to justify obtaining a search warrant of the Ford Fusion license plate HND-689 falsely stated in the affidavit filed in support of search warrant (Exh. 5) that Delgado-Miranda had identified the same as the vehicle he had arrived at the premises when they knew full well that the vehicle he had identified as having arrived in and which he gave them the keys to was the green Ford Fusion license plate HSD-155. Thus, the only fact mentioned to establish

probable cause to justify the search of said vehicle was a complete falsity making the search warrant obtained illegal.

## <u>MEMORANDUM OF LAW</u>

An arrest is unreasonable "*unless it is supported by probable cause*." <u>Michigan v. Summers</u>, 452 U.S. 692, 101 S. Ct. 2587, 69 L.Ed. 2d 340 (1981). If there was no probable cause to arrest the evidence obtained emanating from the arrest should be excluded. <u>U.S. v. Khounsavanh</u>, 113 F.3d 279, 285 (1st Cir. 1997).

"*The Fourth Amendment protects people, not places*." <u>Katz v. U.S.</u>, 389 US 347, 341; "*We have long understood that the Fourth Amendment's protection against "unreasonable …seizures" includes seizure of the person*." <u>California v. Hodari</u>, 499 US 621, 624; "*the warrantless arrest of a person is a species of seizure required by the Amendment to be reasonable*"….. "*The simple language of the Amendment applies equally to seizures of persons and seizures of property*." <u>Payton v. New York</u>, 445 US 573, 585.

As recognized by the First Circuit in <u>U.S. v. Baldacchino</u>, 762 F.2d 170, 174-176 (1st Cir. 1985) a defendant may challenge pre-trial the legality of his arrest because the government did not have probable cause to arrest him in the guesthouse.

In the present case there was no legitimate <u>Terry</u> stop, as it pertains to Delgado-Miranda, only an illegal arrest without probable cause. As was held in

U.S. v. Mosley, 454 F.3d 249, 253 (3rd Cir. 2006) "***This case is about an illegal seizure by the police of the defendant***, *pursuant to which evidence was discovered.*"

Delgado-Miranda's mere presence at the parking lot did not establish probable cause to arrest him. Since his arrest was conducted illegally **all tainted evidence must be excluded as part of the fruit of the poisonous** tree. Wong Sun v. U.S, 371 U.S. 471, 487-88(1963)

It is totally reprehensible that the agents would falsely state that Delgado-Miranda had identified the Ford Fusion license plate HND-689 (Exh. 4e) as the vehicle he had arrived in that day in order to justify obtaining a search warrant for said vehicle when they knew full well that he had told them that his vehicle was the green Ford Fusion license plate HSD-155. (Exh. 1,2, 4a-d) Pursuant to Franks v. Delaware, 438 U.S. 154,155-56,171(1978) this Hon. Court should hold a hearing and determine on a preponderance of evidence standard that the agents knowingly and intentionally or with reckless disregard for the truth falsely stated that Delgado-Miranda had identified said vehicle as the one he arrived in, which is the only fact that was used to establish probable cause to obtain the search warrant of said vehicle, and after making such a finding declare that the search warrant was obtained illegally and all items found in the vehicle falsely attributed to him be suppressed.  See also U.S. v. Paneto, 661 F.3d 709,713 (1st Cir. 2011); U.S. v. Guzman-Batista, 2013 U.S. Dist. *LEXIS* 88451(D.C. P.R. 2013)

**WHEREFORE** it is respectfully requested from this Hon. Court that pursuant to all of the authorities herein cited that it find that defendant Delgado-Miranda was arrested without probable cause and all illegal items attributed to him should be suppressed as part of the fruit of the poisonous tree and after celebrating a <u>Franks</u> hearing determine that the affidavit  filed in support of  a search warrant of the Ford Fusion license plate HND-689 was obtained illegally and all items discovered pursuant to said search warrant also be suppressed.

**RESPECTFULLY SUBMITTED.**

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties involved.

In San Juan, Puerto Rico, this 5th day of January, 2015.

**S/** *Rafael F. Castro Lang*
**RAFAEL F. CASTRO LANG**
**USDC-PR#128505**
Attorney for Defendant
P O Box  9023222
San Juan  PR 00902-3222
787 - 723-3672 - 723-1809
Fax 787 - 725-4133
rafacastro@prtc.net

Exh. 1

## <u>STATEMENT UNDER PENALTY OF PERJURY</u>

I, Luis A. Delgado-Miranda, under penalty of perjury, state:

On May 29, 2014, around 3:00 in the afternoon, I went to the stables that are behind the Almacen D Party [D Party Warehouse] establishment where I have a colt under the care of Rafael Bernazar Rivera. I was there visiting the horse, bathing him and putting new shaving in the stall. Mr. Rafael Bernazar was also there performing his job of taking care of the horses that are in those stables.

That afternoon, after Rafael finished his tasks, we were going to go in my green Ford Fusion license plate HSD-155 to San Lorenzo where I was planning to check out a colt that belonged to Daniel, a person who Rafael knew, and to buy it if I liked it. The $3,382.00 I had that day were to pay for the colt if I decided to buy it.

Around 4:45 in the afternoon, after I had been in the stables for almost two hours, I heard some vehicles arrive at the parking lot. I went out to see what was happening and immediately several federal agents arrived and proceeded to detain everyone who was there, including me.

I do not know if someone was armed that day and I have nothing to do with a Ford Fusion VIN #3FAHPOHAR269604, license plate HND-689 where I learned after being arrested that they had found 128, caliber .223 bullets.

At the moment of my arrest upon being questioned by one of the agents I dentified that my vehicle was the green Ford Fusion license plate HSD-155. I gave him the keys to the same and they searched it. Nothing illegal was in the vehicle.

That day I was carrying out legitimate negotiations in that place.  The money I had was not to conduct an illegal activity.  It was money I had saved that I was going to use to buy a colt from a person Roberto knew named Daniel.

I was arrested without any legal grounds for the mere fact of being present in the parking area were the other co-defendants were arrested.

The foregoing is the truth, and I make this statement under penalty of perjury.

[Signed]
LUIS A. DELGADO-MIRANDA

## DECLARACION BAJO PENA DE PERJURIO

Yo, Luis A. Delgado-Miranda bajo pena de perjurio declaro:

El 29 de mayo de 2014, fui a eso de las 3:00 de la tarde a los establos que quedan detrás del negocio Almacen D Party donde tengo un potro que me cuida Rafael Bernazar Rivera. Estaba allí visitando al caballo, bañándolo y poniendo viruta nueva en el establo. El Sr. Rafael Bernazar estaba allí también en sus labores de cuido de caballos que están en esos establos.



Esa tarde luego de que Rafael terminara sus labores íbamos a ir en mi Ford Fusion verde Tablilla HSD-155 a San Lorenzo donde yo pensaba ver un potro de Daniel, persona que Rafael conocía y si me gustaba comprarlo. Los $3,382.00 que tenía ese día eran para pagar por el potro si decidía comprarlo.

A eso de las 4:45 de la tarde luego de yo haber estado casi dos horas en los establos oigo que llegan unos vehículos al estacionamiento. Salgo a ver que pasaba e inmediatamente llegan varios agentes federales quienes proceden a detener a todas las personas que estaban allí, incluyéndome a mí.

Desconozco si alguien estaba armado ese día y no tengo que ver nada con un Ford Fusion VIN #3FAHPOHAR269604, tablilla HND-689 donde me he enterado luego de que me arrestaron que encontraron 128 balas calibre .223.

Al momento que me arrestaron a preguntas de unos de los agentes identifique que mi vehiculo era el Ford Fusión verde tablilla HSD-155, le

entregue las llaves del mismo y ellos procedieron a registrarlo. No había nada ilegal en el vehículo.

Ese día yo me encontraba haciendo gestiones legítimas en ese lugar. El dinero que tenía no era para conducir una actividad ilegal. Era dinero que yo tenía guardado que iba a utilizar para comprar un potro de una persona que Rafael conocía llamado Daniel.

Fui arrestado sin base legal alguna por el mero hecho de estar presente en el área de estacionamiento donde arrestaron a los otros co-acusados.

Lo antes dicho es la verdad y hago la presente declaración bajo pena de perjurio.

LUIS A. DELGADO-MIRANDA

*Certified Translation*

Exh. 2

## STATEMENT UNDER PENALTY OF PERJURY

I, Rafael Bernazar Rivera, under penalty of perjury, state:

I am 43 years of age and I work as horse keeper in the Navarro Ward, Cielito Sector, in some 10 stalls that are behind the Almacen D Party [D Party Warehouse] establishment.  One of the horses I take care of in that place belongs to Luis A. Delgado Miranda.  I have been taking care of his colt for two years, and I charge him $200.00/month.

On May 29, 2014, Luis arrived at the stables at approximately 3:00 in the afternoon to see his horse, bathe him and put new shaving on the ground.  That afternoon after I finished my horse-keeping tasks, we were going to go to San Lorenzo to see a colt that belonged to Daniel, whom I know.  Luis wanted to see Daniel's colt and he had brought over $3,000 to buy it.  I was the intermediary between Daniel and Luis.  We were going to go to San Lorenzo in Luis' Ford Fusion vehicle.

Around 4:45 p.m. several vehicles arrived at the parking lot of the Almacen D Party establishment and Luis went out to see what was happening.  Immediately some federal agents arrived there and arrested everyone in the parking lot.

The agents intervened with me in the horse bathing area and handcuffed me.  I told them that I worked there.  Then, before they left, they released me.

I noticed that the agents searched all the cars that were in the parking lot, including Luis' car.  They took away several vehicles, but left Luis' green Ford fusion there.

After Luis got out of jail, he called me on the phone and I told him that his vehicle

*Certified Translation*

had not been confiscated and that it was still in the parking lot of Almacen D Party.  Then

Luis came and took his car away.

The foregoing is the truth.  I make this statement under penalty of perjury.

[Signed]
RAFAEL BERNAZAR RIVERA
*August 7, 2014*

-CERTIFIED-

To be a correct translation
prepared by me, to the best
of my knowledge and ability

Annie Flores
Annie Flores
U.S. Certified Court Interpreter
M.A. in Translation

## DECLARACION BAJO PENA DE PERJURIO

Yo, Rafael Bernazar Rivera bajo pena de perjurio declaro:

Tengo 43 años de edad y trabajo cuidando caballos en el Barrio Navarro Sector Cielito, en unas 10 jaulas que quedan detrás del negocio Almacen D Party. Uno de los caballos que cuido allí pertenece a Luis A. Delgado Miranda. Desde hace dos años cuido su potro y le cobro $200/mes.

El día 29 de Mayo de 2014, Luis llegó a los establos aproximadamente a las 3:00 de la tarde para ver a su caballo, bañarlo y poner viruta nueva en el piso. Esa tarde luego de yo terminar con mis labores de cuido en las jaulas íbamos a ir a San Lorenzo a ver un potro que pertenece a Daniel, a quien yo conozco. Luis tenía interés en ver un potro de Daniel y había traído más de $3,000 para comprarlo. Yo era el intermediario entre Daniel y Luis. Íbamos a ir en el vehículo Ford Fusion verde de Luis a San Lorenzo.

A eso de las 4:45 p.m. llegaron varios vehículos al estacionamiento del negocio Almacen D Party y Luis salió para ver que estaba pasando. Inmediatamente llegaron unos agentes federales quienes arrestaron a todas las personas que estaban en el estacionamiento.

Los agentes intervinieron conmigo en el área de bañado de caballos y me esposaron. Les informe que yo trabajaba allí. Después cuando se iban a ir me soltaron.

Observé que los agentes registraron todos los carros que estaban en el estacionamiento incluyendo el de Luis. Se llevaron varios de los vehículos pero el Ford Fusion verde de Luis lo dejaron allí.

Después que Luis salió de la cárcel el me llamó por teléfono y le informé que su vehículo no fue incautado y que estaba todavía en el parking de Almacen D Party. Luis entonces vino y se llevó su carro.

Lo antes dicho es la verdad. Hago la presente declaración bajo pena de perjurio.

RAFAEL BERNAZAR RIVERA

7 de agosto de 2014

Exh. 3

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

RECEIVED&FILED
CLERK'S OFFICE

MAY 3 0 2014

US DISTRICT COURT
SAN JUAN, PR

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
|  | ) | Case No. 14- 651 m |
| [1] Jose SILVA-Rentas, [2] Julio | ) | |
| COLON-Maldonado, [3] Hector Luis ORTA-Castro | ) | |
| and [4] Luis DELGADO-Miranda | ) | #44410-069 |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 29, 2014 _____ in the county of ____ Municipality of Gurabo ____ in the

___ Judicial ___ District of ___ P.R. and elsewhere ___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18, United States Code, 922(g)(1) | Julio Colon-Maldonado, having been convicted in court of a crime punishable |
| 18, United States Code, 2 | by imprisonment for a term exceeding one (1) year, was aided and abetted by, Jose SILVA-Rentas, Hector ORTA-Castro and Luis DELGADO-Miranda, the defendants herein, did knowingly and unlawfully possess in and affecting interstate commerce, firearm and ammunitions, as those terms are defined in 18, USC 921(a)(3) and (17)(A) respectively, that is: one Glock pistol Model 23 serial number MMH212 with extended magazine containing 21 rounds of .40 caliber ammunition, said firearms and ammunition having been shipped and transported in interstate commerce or foreign commerce. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Reinaldo Medina, SA with HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___ 05/30/2014 ___

_____
*Judge's signature*

City and state: _____ San Juan, Puerto Rico _____

Honorable Camille Velez-Rive, Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Reinaldo Medina, a Special Agent with the U.S. Department of Homeland Security (DHS), Immigrations and Customs Enforcement (ICE), Homeland Security Investigations (HSI) do hereby depose and state that:

### INTRODUCTION

1.      I am employed as a Special Agent with the United States Immigration and Customs Enforcement, Homeland Security Investigations (ICE-HSI), a federal law enforcement agency within the of Department of Homeland Security (DHS) and currently assigned to the HSI San Juan area of responsibility (AOR) in Puerto Rico (PR). I have been employed as a federal agent with said Agency since March 2010. My previous employment was as a Customs and Border Protection Officer with the United States Customs and Border Protection (CBP), also under the DHS. As a Special Agent for ICE-HSI, my responsibilities include, inter alia, the conduct of criminal investigations related to alleged violations of Titles 8, 18, 19, 21, and 31 of the United States Code (U.S.C.). I have personally conducted criminal investigations of alleged manufacturing, distributing or possession of controlled substances (21 U.S.C. 841 (a)(1)), importation of controlled substances (21 U.S.C. 952 (a)), smuggling of goods into the United States (18 U.S.C. 545), and related offenses.

2.      I have attended the United States Immigration and Customs Enforcement Special Agent Training (ICESAT), at the Federal Law Enforcement Training Center, in Glynco, Georgia. I have also been formally trained in conducting investigations related to Money Laundering and Bank Secrecy Act violations. Currently, I am assigned to HSI San Juan's Financial Crimes Investigation Group (FCIG). The Financial Crimes Investigations Group assigned mission is to perform investigations specifically related to Bulk Cash Smuggling and Anti-Money Laundering Laws. In most cases, many of these investigations will focus on individual persons and/or entities that derive income from illegal sources, i.e.: financial crimes that are, more often than not, profit-motivated and are also Specified Unlawful Activities (SUA), such as in cases typical of illicit business ventures related to Drug Smuggling and/or Narcotics Trafficking. I have also been trained in matters related to the conduct of financial investigations of natural persons and business entities involved in money laundering activity, including violations of 18 U.S.C. Sections 1956 (Laundering of Monetary Instruments), and 1957 (Engaging in Monetary Transactions in Property Derived from SUA). I have also received formal, Agency-sponsored instruction pertaining to financial investigations and related matters.

3.      Based on my formal education, professional training, personal experience, and continued discussions with other federal and state law enforcement officers, I can state with an ample

**Affidavit in Support of a Criminal Complaint**
**Page 2 of 4**

margin of probability that I do have and possess specialized technical and practical knowledge pertaining to the habits, culture, behavior, schemes, methods of financial investment and peculiar business practices typical of narcotic traffickers and money launderers. As part of my official duties, I have conducted arrests of persons engaged in alien smuggling, drug smuggling, illegal possession of firearms, money laundering, document fraud and other crimes. Moreover, I have interviewed persons involved in these types of criminal activities and debriefed confidential sources regarding the habits and practices of people engaged in these activities. I have also participated in previous investigations involving wiretaps, reviewed records relating to the smuggling of illegal aliens, document fraud, identity theft and money laundering and other crimes.

4.    For the reasons set forth below, I respectfully submit this Application for a Criminal Complaint because there is probable cause to believe that Jose SILVA-Rentas, Hector Luis ORTA-Castro and Luis DELGADO-Miranda committed the following violations related to Title 18, United States Code, Section 2 by aiding and abetting a convicted felon, that is: Julio COLON-Maldonado in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1).

## FACTS ESTABLISHING PROBABLE CAUSE

5.    At approximately 4:45 pm, agents initiated surveillance in the vicinity of the Navarro Ward, in Gurabo, PR. Based on the agents' training, experience, and conversations with several law enforcement officers, the Navarro Ward area is a known for active drug trafficking activities and violent incidents such as murders. Moments later, agents observed TARGET VEHICLE-1 heading north on road PR 931 in the direction of a business named "EL BARRIL BAR & GRILL". Agents momentarily lost site of TARGET VEHICLE-1.

6.    However, a few minutes later, agents executed a drive by on E. Barbosa Street on Gurabo, PR (a street located next to "EL BARRIL BAR & GRILL") and observed observed TARGET VEHICLE-1 parked in front of the parking lot of a business named "ALMACEN D PARTY RENTAL". Based on the agents' training, experience, and conversations with several law enforcement officers, this business is a place known to be used by drug trafficking organizations (DTO's) to conduct drug deals and money exchanges.

7.    A few minutes later, agents observed TARGET VEHICLE-1 and a gold Jeep Cherokee bearing PR license plate GOH-166 (hereinafter TARGET VEHICLE-2) entering the parking lot of "ALMACEN D PARTY RENTAL". Based on the information known about the premises, the agents entered its parking lot and observed several individuals in the rear area. The agents observed Jose Silva Rentas aka Cheo Silva among those individuals. The agents knew that SILVA-Rentas was a

well-known drug trafficker from the Vieques area and was a convicted felon who had previously served prison time. When agents announced their presence and approached the individuals in the parking lot, agents observed an individual later identified as Julio COLON-Maldonado (hereinafter COLON-Maldonado), a previously convicted felon, throw a firearm over a concrete wall. Agents subsequently recovered a Glock 23 pistol serial number (S/N) MMH212 with and extended magazine containing twenty-one (21) rounds of 40 caliber ammunition from the other side of the concrete wall.

8.    As a result, agents detained COLON-Maldonado, ORTA-Castro, SILVA-Rentas and other individuals later identified as Luis DELGADO-Miranda (hereinafter DELGADO-Miranda). At the time of the arrests, ORTA-Castro was also found in possession of a Glock 27 pistol S/N RZC393 for which he has permit to carry.

9.    A search incident to arrest revealed that ORTA-Castro was in possession of approximately $2,363.00 USC, eighty-eight (88) super *stong man* pills, and two (2) cellular telephones.

10.    A search incident to arrest revealed that SILVA-Renta was in possession of $7,000.00 USD, seven (7) cellular telephones, and one hundred-twenty (120) pills. He was also in possession of thre (3) PR drivers licenses, each depicting a photograph of him but two of them under the name of Alfredo GOMEZ-Hidalgo and Felix MEDINA-Resto in addition to his true identity.



11.    A search incident to arrest revealed that COLON-Maldonado, in addition to the firearm, was in possession of a PR drivers license under the name of Francisco DIAZ and a PR Department Natural Resources, Navegation license under the name of Adrian TORRES-Quiñonez bearing his photograph. He was also found in possession of a PR drivers license and Department Natural Resources, Navegation license under his true identity.

12.    A search incident to arrest revealed that DELGADO-Miranda was found in possession of $3,378.78 in cash, a small amount of marijuana and a cellular telephone.

13.    A criminal history check revealed that SILVA-Renta revealed that on February 23, 1998, in the Commonwealth of Puerto Rico, SILVA-Renta was convicted for Possession of Controlled Substances and sentence to two (2) years imprisment. In addition, to the charge of Intent to Distrubute Controlled Subtances which he was sentence to five (5) year imprisonment.

14.    A criminal history check also revealed that COLON-Maldonado revealed that on September 30, 1997, in the Commonwealth of Puerto Rico, COLON-Maldonado was convicted on three (3) counts for Aggravated Assult and sentenced to four (4) years inprisement. In addition, COLON-Maldonado was also convicted of five (5) counts of Firearm Violations and sentenced to concurrent sentences of three (3) and four (4) years of imprisonment.

**Affidavit in Support of a Criminal Complaint**
**Page 4 of 4**

15.    A criminal history check also revealed that DELGADO-Miranda revealed that on on September 16, 1997, in the Commonwealth of Puerto Rico, DELGADO-Miranda was convicted on two (2) count of Obstruction of Justice and sentence to four (4) years inprisement. In addition, DELGADO-Miranda was also convicted of five (5) counts of  Firearm Violations and sentenced on three (3) of these counts of two (2) years imprisonment and on the remaining two counts to three (3) years of inprisement.

## CONCLUSION

16.    Based upon my training, experience, and the facts concerning this investigation, I respectfully believe that sufficient probable cause exists to charge and arrest Jose SILVA-Rentas, Hector Luis ORTA-Castro and Luis DELGADO-Miranda committed the following violations related to Title 18, United States Code, Section 2 by aiding and abetting a convicted felon, that is: Julio COLON-Maldonado in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1).

_____
Special Agent Reinaldo Medina
United States Department of Homeland Security,
Homeland Security Investigations, San Juan

Subscribed and sworn to before me this 30th date of May of 2014.

_____
HONORABLE CAMILE VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

Exh. 4a



Exh. 4b



Exh. 4c



Exh. 4d





Exh. 4e

Exh. 4f





Exh. 4g

14-387(PAD)                                                          11/28/2014

Case 3:14-mj-00660-CVR *SEALED*   Document 3   Filed 05/30/14   Page 1 of 1

AO 106 (Rev. 04/10) Application for a Search Warrant                                    Exh. 5

## UNITED STATES DISTRICT COURT
### for the
### District of Puerto Rico

RECEIVED&FILED
CLERK'S OFFICE

MAY 3 0 2014

US DISTRICT COURT
SAN JUAN, PR

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*
One (1) gray 2010 Ford Fusion SE bearing PR license plate HNO-689 and VIN 3FAHPOHADAR269604 (TARGET
VEHICLE #4), located at HSI San Patricio Office, 7 Tabonuco Street, Guaynabo, Puerto Real, PR 00968.

Case No. 14 - 660 m

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
One (1) gray 2010 Ford Fusion SE bearing PR license plate HNO-689 and VIN 3FAHPOHADAR269604 (TARGET VEHICLE #4), located at HSI San Patricio Office, 7 Tabonuco Street, Guaynabo, Puerto Real, PR 00968. See Affidavit, incorporated herein.

located in the _____ Judicial _____ District of _____ Puerto Rico _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See ATTACHMENT A, incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C.,§841(a), 846, 952, 960 | Conspiracy to possess with intent to distribute controlled substances; conspiracy to possess |
| 18 U.S.C.,§924(o) and 2 | firearms in furtherance of drug trafficking or violent crime |

The application is based on these facts:

See Attached Affidavit, incorporated herein.

Reviewed & authorized by SAUSA E. Guiba on 5/30/2014.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Homeland Security Investigations, SA Reinaldo Medina
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___MAY 3 0 2014___

_____
*Judge's signature*

City and state:  SAN JUAN PUERTO RICO                US MAGISTRATE JUDGE CAMILLE VELEZ-RIVE
*Printed name and title*

Case 3:14-cr-00387-PAD  Document 127-5  Filed 01/05/15  Page 2 of 11

Case 3:14-mj-00660-CVR *SEALED*  Document 3-1  Filed 05/30/14  Page 1 of 11

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Reinaldo Medina, a Special Agent with the U.S. Department of Homeland Security (DHS), Immigrations and Customs Enforcement (ICE), Homeland Security Investigations (HSI) do hereby depose and state that:

### INTRODUCTION

1.      I am employed as a Special Agent with the United States Immigration and Customs Enforcement, Homeland Security Investigations (ICE-HSI), a federal law enforcement agency within the of Department of Homeland Security (DHS) and currently assigned to the HSI San Juan area of responsibility (AOR) in Puerto Rico (PR). I have been employed as a federal agent with said Agency since March 2010. My previous employment was as a Customs and Border Protection Officer with the United States Customs and Border Protection (CBP), also under the DHS. As a Special Agent for ICE-HSI, my responsibilities include, inter alia, the conduct of criminal investigations related to alleged violations of Titles 8, 18, 19, 21, and 31 of the United States Code (U.S.C.). I have personally conducted criminal investigations of alleged manufacturing, distributing or possession of controlled substances (21 U.S.C. 841 (a)(1)), importation of controlled substances (21 U.S.C. 952 (a)), smuggling of goods into the United States (18 U.S.C. 545), and related offenses.

2.      I have attended the United States Immigration and Customs Enforcement Special Agent Training (ICESAT), at the Federal Law Enforcement Training Center, in Glynco, Georgia. I have also been formally trained in conducting investigations related to Money Laundering and Bank Secrecy Act violations. Currently, I am assigned to HSI San Juan's Financial Crimes Investigation Group (FCIG). The Financial Crimes Investigations Group assigned mission is to perform investigations specifically related to Bulk Cash Smuggling and Anti-Money Laundering Laws. In most cases, many of these investigations will focus on individual persons and/or entities that derive income from illegal sources, i.e.: financial crimes that are, more often than not, profit-motivated and are also Specified Unlawful Activities (SUA), such as in cases typical of illicit business ventures related to Drug Smuggling and/or Narcotics Trafficking. I have also been trained in matters related to the conduct of financial investigations of natural persons and business entities involved in money laundering activity, including violations of 18 U.S.C. Sections 1956 (Laundering of Monetary Instruments), and 1957 (Engaging in Monetary Transactions in Property Derived from SUA). I have also received formal, Agency-sponsored instruction pertaining to financial investigations and related matters.

Case 3:14-cr-00387-PAD   Document 127-5   Filed 01/05/15   Page 3 of 11

Case 3:14-mj-00660-CVR *SEALED*   Document 3-1   Filed 05/30/14   Page 2 of 8

**Affidavit in Support of Search Warrants**
Page 2 of 9

3.      Based on my formal education, professional training, personal experience, and continued discussions with other federal and state law enforcement officers, I can state with an ample margin of probability that I do have and possess specialized technical and practical knowledge pertaining to the habits, culture, behavior, schemes, methods of financial investment and peculiar business practices typical of narcotic traffickers and money launderers. As part of my official duties, I have conducted arrests of persons engaged in alien smuggling, drug smuggling, illegal possession of firearms, money laundering, document fraud and other crimes. Moreover, I have interviewed persons involved in these types of criminal activities and debriefed confidential sources regarding the habits and practices of people engaged in these activities. I have also participated in previous investigations involving wiretaps, reviewed records relating to the smuggling of illegal aliens, document fraud, identity theft and money laundering and other crimes.

4. I am submitting this affidavit in support of an application for a search warrant for the contents of the following items:

5. The TARGET VEHICLES #1 through #7 have been secured by HSI San Juan agents since their seizure on May 29, 2014. They are currently located at their office located at 7 Tabonuco Street in San Patricio, San Juan, Puerto Rico.

6. For the reasons set forth below, I respectfully submit that there is probable cause to believe that the contents of the TARGET VEHICLES include evidence of the following potential offenses: Conspiracy to Posses with Intent to Distribute Controlled Substances, in violation of Title 21, <u>United States Code</u>, Sections 841 and 846 and/or Conspiracy to Import a Controlled Substance in violation of Title 21, <u>United States Code</u>, Sections 963, 952(a), and 960(a)(1). Also, Conspiracy to Possess Firearms in Furtherance of Drug Trafficking or Violent Crimes in violtion of Title 18, <u>United States Code</u>, Section 924(o) and Aidiing and Abetting in the possession with the intent to distribute narcotics or in the possession if firearms in furtherance of drug trafficking and violent crimes in volation of Title 18, <u>United States Code</u>, Section 2, and monaey laundering in violation of Title 18, <u>United States Code</u>, Section 1956 & 1957.

7. The TARGET VEHICLES are more particularly described as:

   a.  TARGET VEHICLE #1: one (1) 2010 Toyota Sequoia Lmtd. bearing PR licence plate HUE-430 and VIN 5TDJY5G17AS025338.

   b.  TARGET VEHICLE #2: one (1) gold (crema oscuro) 2006 Grand Jeep Cherokee Lmtd. bearing PR license plate GOH-166 and VIN 1J4HS58N06C191690.

14-387(PAD)                                                    11/28/2014

Case 3:14-mj-00660-CVR *SEALED*  Document 3-1   Filed 05/30/14   Page 3 of 8

Affidavit in Support of Search Warrants
Page 3 of 9

   c.   TARGET VEHICLE #3: one (1) black 2003 Toyota Corrolla bearing PR license plate EVK-230 and VIN 2T1BR32E73C096180.

   d.   TARGET VEHICLE #4: one (1) gray 2010 Ford Fusion SE bearing PR license plate HNO-689 and VIN 3FAHPOHADAR269604.

   e.   TARGET VEHICLE #5: one (1) white 2010 Ford Taurus SE bearing PR license plate HWS-948 and VIN 1FAHP2DW9AG120161.

   f.   TARGET VEHICLE #6: one (1) white 2007 Toyota Tundra Doble Cabin SR5, bearing PR license plate 836-399 and VIN 5TFRV54137X014548.

   g.   TARGET VEHICLE #7: one (1) gray 2005 Acura RL bearing PR license plate GGR-394 and VIN JH4KB16215C012423.

### FACTS ESTABLISHING PROBABLE CAUSE

   8.    At approximately 4:45 pm, agents initiated surveillance in the vicinity of the Navarro Ward, in Gurabo, PR. Based on the agents' training, experience, and conversations with several law enforcement officers, the Navarro Ward area is a known for active drug trafficking activities and violent incidents such as murders. Moments later, agents observed TARGET VEHICLE-1 heading north on road PR 931 in the direction of a business named "EL BARRIL BAR & GRILL". Agents momentarily lost site of TARGET VEHICLE-1.

   9.   However, a few minutes later, agents executed a drive by on E. Barbosa Street on Gurabo, PR (a street located next to "EL BARRIL BAR & GRILL" and observed observed TARGET VEHICLE-1 parked in front of the parking lot of a business named "ALMACEN D PARTY RENTAL". Based on the agents' training, experience, and conversations with several law enforcement officers, this business is a place known to be used by drug trafficking organizations (DTO's) to conduct drug deals and money exchanges.

   10.  Through my training and experience, I have become familiar with the *modus operandi* of drug traffickers and their methods of land transportation, which includes the use of motor vehicles, which in many instances are equipeed with hidden compartments.

   11.   A few minutes later, agents observed TARGET VEHICLE-1 and TARGET VEHICLE-2 entering the parking lot of "ALMACEN D PARTY RENTAL". Based on the information known about the premises, the agents entered its parking lot and observed several individuals in the rear area. The agents observed Jose Silva Rentas aka Cheo Silva among those individuals. The agents knew that SILVA-Rentas was a well-known drug trafficker from the Vieques area and was a convicted felon who had previously served prison time. When agents announced their presence and approached the

14-387(PAD)                                                    11/28/2014

Case 3:14-mj-00660-CVR *SEALED*   Document 3-1   Filed 05/30/14   Page 4 of 8

**Affidavit in Support of Search Warrants**
**Page 4 of 9**

individuals in the parking lot, agents observed an individual later identified as Julio COLON-
Maldonado (hereinafter COLON-Maldonado), a previously convicted felon, throw a firearm over a
concrete wall.  Agents subsequently recovered a Glock 23 pistol serial number MMH212 with and
extended magazine containing twenty-one (21) rounds of 40 caliber ammunition from the other side of
the concrete wall.

12.     As a result, agents detained COLON-Maldonado, ORTA-Castro, SILVA-Rentas and
other individuals later identified as Luis DELGADO-Miranda (hereinafter DELGADO-Miranda). At
the time of the arrests, ORTA-Castro was also found in possession of a Glock 27 pistol serial number
RZC393 for which he has permit to carry.

13.     A search incident to arrest revealed that ORTA-Castro was in possession of
approximately $2,363.00 USC, eighty-eight (88) super *stong man* pills, and two (2) cellular telephones.

14.     A search incident to arrest revealed that SILVA-Renta was in possession of $7,000.00
USD, seven (7) cellular telephones, and one hundred-twenty (120) pills.  He was also in possession of
thre (3) PR drivers licenses, each depicting a photograph of him but two of them under the name of
Alfredo GOMEZ-Hidalgo and Felix MEDINA-Resto in addition to his true identity.

15.     A search incident to arrest revealed that COLON-Maldonado, in addition to the firearm,
was in possession of a PR drivers license under the name of Francisco DIAZ and a PR Department
Natural Resources, Navegation license under the name of Adrian TORRES-Quiñonez bearing his
photograph.  He was also found in possession of a PR drivers license and Department Natural
Resources, Navegation license under his true identity.

16.     A search incident to arrest revealed that DELGADO-Miranda was found in possession
of $3,378.78 in cash, a small amount of marijuana and a cellular telephone.

17.     A criminal history check revealed that SILVA-Renta revealed that on February 23,
1998, in the Commonwealth of Puerto Rico, SILVA-Renta was convicted for Possession of Controlled
Substances and sentence to two (2) years imprisement. In addition, to the charge of Intent to Distrubute
Controlled Subtances which he was sentence to five (5) year imprisonment.

18.     A criminal history check also revealed that COLON-Maldonado revealed that on
September 30, 1997, in the Commonwealth of Puerto Rico, COLON-Maldonado was convicted on
three (3) counts for Aggravated Assult and sentenced to four (4) years inprisoment. In addition,
COLON-Maldonado was also convicted of five (5) counts of  Firearm Violations and sentenced to
concurrent sentences of three (3) and four (4) years of imprisonment.

Case 3:14-mj-00660-CVR *SEALED*   Document 3-1   Filed 05/30/14   Page 5 of 8

Affidavit in Support of Search Warrants
Page 5 of 9

19.     A criminal history check also revealed that DELGADO-Miranda on September 16, 1997, in the Commonwealth of Puerto Rico, DELGADO-Miranda was convicted on two (2) counts of obstruction of justice and sentenced to four (4) years inprisement. In addition, DELGADO-Miranda was also convicted of five (5) counts of Firearm Violations and sentenced on three (3) of these counts of two (2) years imprisonment and on the remaining two counts to three (3) years of inprisement.

20.     On May 30, 2014, the Honorable Magistrate Judge Camille Vélez-Rivé authorized a Criminal Complaint in Case No. 14-651(M) for the arrests of Jose SILVA-Rentas, Hector Luis ORTA-Castro, Luis DELGADO-Miranda and Julio COLON-Maldonado for violating 18 USC Sections 922(g)(1) and 2; that is: that is aiding and abetting a convicted felon in possession of a firearm. The firearm seized in that case was a loaded Glock pistol, Model 23, loaded with an extended magazine containing twenty-one (21) rounds of .40 caliber ammunition.   SILVA-Rentas, COLON-Maldonado and DELGADO-Miranda are convicted felons but the firearm was found in possession of COLON-Maldonado after he threw it over a concrete wall.

21.     While at the premises of "ALMACEN D PARTY RENTAL", agents observed several vehicles that were parked within it. Agents requested the assistance of  a Puerto Rico Police Department (PRPD) K-9 officer who conducted a walk around inspection with the K-9 dog in order to determined if the TARGET VEHICLES were contaminated with narcotics.

22.     A K-9 inspection of TARGET VEHICLES #1 & #2 resulted positive to the odor of narcotics.

23.     A K-9 inspection of a TARGET VEHICLE #3 resulted positive to the odor of narcotics. In plain view, the agents observed through the window that TARGET VEHICLE #3 two (2) dark bags (one back pack and the other a gym bag) which based on my training and experience are commonly used by drug traffickers to carry weapons and/or narcotics.

24.     A K-9 inspection of TARGET VEHICLE #4 resulted positive to the odor of narcotics. A motor vehicle record checks revealed that the vehicle has been reported missing since April 2, 2014. Defendant DELGADO-Miranda voluntarily told the agents that he arrived at the premises where he was found in TARGET VEHICLE #4.

25.     A K-9 inspection of TARGET VEHICLE #5 resulted positive to the odor of narcotics.

26.     A K-9 inspection of TARGET VEHICLE #6 resulted positive to the odor of narcotics. At the time of the inspection, the front driver side door was opened leading agents to observed in plain view a bag containing an extended magazine containing an undetermined amount of ammunition.  In addition, the agents observed a green colored substance of what appeared to be marijuana.

**Affidavit in Support of Search Warrants**
**Page 6 of 9**

27.     A K-9 inspection of TARGET VEHICLE #7 resulted positive to the odor of narcotics. This vehicle was recovered near the residence located at, 13 Street #485, Navarro Ward, Gurabo, PR. At the time of his arrest, SILVA-Renta was in possession of the beeper of this vehicle.

## REQUEST TO SEARCH

28.     In my training and experience, as well as my conversations with other law enforcement personnel, I know that people who deal with illegal controlled substances often have a variety of items of evidentiary value in vehicles, residences, and other locations where they have control, to include the following:

    a.  Large amounts of cash reflecting receipts from drug dealing and/or funds used to procure additional drugs for resale;

    b.  Records detailing the receipt and subsequent sale of drugs, and also reflecting amounts of money paid, received and/or due from purchasers or suppliers of drugs;

    c.  Triple-Beam, digital or other types of scales used to weigh quantities of drugs;

    d.  Plastic bags, baggies, stickers, containers, or other materials used to package and label drugs for resale;

    e.  Firearms or other weapons used to protect large amounts of drugs and/or United States Currency;

    f.  Financial records (such as automobile titles, automobile insurance records, real estate purchase, and rental records, bank statements, checks, bank account passbooks, receipts, money order and cashiers check copies, wire transfers, deposit items, bank drafts, certificates of deposit, financial statements, loan records, payment journals, false identifications used to acquire assets or make expenditures in alias or nominee names) which reflect the purchase of assets (both personal and real property) and making of personal expenditures using the profits generated from the illegal sale of drugs;

    g.  Various cutting agents, such as sugar, vitamins, lactose, and other non-controlled substances, used to dilute cocaine and crack cocaine prior to its resale in order to generate additional profits;

    h.  Photographs showing other persons engaged in drug trafficking;

    i.  Addresses and telephone books listing the names and addresses of the associates, suppliers, and customers of the drug trafficker;

    j.  Tickets, schedules, papers, notes, receipts, and other items relating to domestic or foreign travel;

Case 3:14-cr-00387-PAD   Document 127-5   Filed 01/05/15   Page 8 of 11
14-387(PAD)                                                    11/28/2014

Case 3:14-mj-00660-CVR *SEALED*   Document 3-1   Filed 05/30/14   Page 7 of 8
Affidavit in Support of Search Warrants
Page 7 of 9

    k.  Keys or records reflecting the rental or location of safe deposit boxes, mail drops, storage units or additional stash locations;

    l.  Electronic communications devices, such as pagers, cellular telephones, or two-way radios utilized in the drug trade;

    m.  Computers, computer software, and computer storage media (such as diskettes, CD, thumb-drives, etc) utilized to maintain financial records;

29.    Based upon my aforementioned training, experience, and interaction with other law enforcement officials, I know that people who deal in illegal controlled substances share various combinations of common characteristics which are listed as follows:

30.    Drug traffickers often operate under assumed names in order to conceal their true identities from law enforcement officers and, in so doing, acquire property, services, and personal identification (such as driver's licenses and birth certificates) under their assumed or alias names and that they maintain such documents in evidence of their false identities in their residences, businesses, and automobiles together with evidence of their true identities;

31.    It is highly unusual for individuals primarily engaged in drug trafficking activities to associate in their businesses or social activities with others not engaged in the same drug trafficking activities;

32.    Drug traffickers commonly keep their stash of controlled substances and currency proceeds separate and store the same in multiple residences, businesses, and automobiles;

33.    Drug traffickers often hide assets in the name of paramours, spouses or other family members. They often hide controlled substances, drug proceeds, or other contraband in the residence of paramours, spouses or other family members;

34.    Drug traffickers commonly conceal their activities from members of the public by transacting their business in a covert manner and frequently conducting their business during the nighttime hours when darkness helps conceal their activities;

35.    Drug traffickers remain in a constant state of alert to avoid detection by law enforcement, using lookouts, alarm systems, barricades, and other diversionary stalling tactics to allow them to dispose of any evidence of a crime, such as illegal drugs and weapons.

36.    Drug traffickers utilize abandoned cars and residences to stash controlled substances and/or weapons.

37.    Drug traffickers sometimes alter their vehicles, residences and vessels with hidden compartments in an effort to conceal contraband and/or evidence of their illegal activities.

**Affidavit in Support of Search Warrants**
**Page 8 of 9**

## CONCLUSION

38.    Based upon the foregoing, I submit that there is probable cause to believe that the the
TARGET VEHICLES are  instrumentalities of and will contain evidence related to, the above drug
trafficking and firearm offenses.  Therefore, I submit this affidavit in support of a Warrant to search
the TARGET VEHICLES and seize the items or the information described in the Attachment A.

39.    I hereby declare, under penalty of perjury, that the foregoing is true and correct to the
best of my knowledge.

_____
Special Agent Reinaldo Medina
United States Department of Homeland Security,
Homeland Security Investigations, San Juan

Subscribed and sworn to before me this 30th date of May of 2014.

_____
HONORABLE CAMILE VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

14-387(PAD)                                                    11/28/2014

Case 3:14-mj-00660-CVR *SEALED*   Document 5   Filed 06/10/14   Page 1 of 2

AO 93 (Rev. 12/09) Search and Seizure Warrant

INTAKE DROP BOX
RECEIVED & FILED

# UNITED STATES DISTRICT COURT
2014 JUN 10 PM 3: 04
for the
District of Puerto Rico

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

In the Matter of the Search of                    )
*(Briefly describe the property to be searched*   )
*or identify the person by name and address)*     )  Case No. 14-660m
One (1) gray 2010 Ford Fusion SE bearing PR license plate HNO-689 and VIN 3FAHP0HADAR269604 (TARGET   )
VEHICLE #4), located at HSI San Patricio Office, 7 Tabonuco Street, Guaynabo, Puerto Real, PR 00968.   )
                                                  )

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

        An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____Judicial_____ District of _____PUERTO RICO_____
*(identify the person or describe the property to be searched and give its location):*
One (1) gray 2010 Ford Fusion SE bearing PR license plate HNO-689 and VIN 3FAHP0HADAR269604 (TARGET VEHICLE #4), located at HSI San Patricio Office, 7 Tabonuco Street, Guaynabo, Puerto Real, PR 00968. See Affidavit, incorporated herein.

        The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See ATTACHMENT A, incorporated herein.

        I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

        **YOU ARE COMMANDED** to execute this warrant on or before _____6/13/14_____
                                                                    *(not to exceed 14 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been
                                              established.

        Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

        The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
on Duty _____
                    *(name)*

        ☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*   ☐ for _____ days *(not to exceed 30)*.
                                        ☐ until, the facts justifying, the later specific date of _____

Date and time issued: _____MAY 30 2014_____     _____
                                                            *Judge's signature*

City and state:  SAN JUAN, PUERTO RICO          US MAGISTRATE JUDGE CAMILLE VELEZ-RIVE
                                                        *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>SJOSPRH5Jooo8 | Date and time warrant executed:<br>June 2, 2014    1230 hrs | Copy of warrant and inventory left with: |
| Inventory made in the presence of:<br>TFO H. Malave    SA R. Medina | | |
| Inventory of the property taken and name of any person(s) seized: | | |

128 rounds of .223 ammunition
Blue shirt w plastic bag
Miscellaneous documents

| Certification |
|---|
| *I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.* |

Date: June 10, 2014

_____
Executing officer's signature

Reinaldo Medina    SA
Printed name and title